Hough, J.
The court of appeals reversed the ease on two grounds:
*257 1. " That the giving before argument óf request No; 3 was prejudicial error.
2. That the trial court failed to charge either before argument, or in the general charge, that the jury in order to return a verdict setting aside the will must be able to find that the evidence of the contestant outweighs both the evidence adduced by the contestees and the presumption arising from the order of the probate court admitting the will to probate.
Request No. 3 reads as follows:
“If you find from a preponderating weight of the evidence that Sarah J. Lucas probably did not acknowledge the paper writing in question to be her last will and testament, in the presence of witness Mrs. Neuby, then I say to you as a matter of law, said paper writing is not a valid will and your verdict should be for the plaintiff.”
Counsel for Ray West, plaintiff below, concede that the giving of the instruction was error, but claim that error was saved from becoming prejudicial by the special finding of the jury in answering two interrogatories.
The jury were asked:
“Q. Did Sarah J. Lucas [the testatrix] sign a paper purporting to be her last will and testament? Answer: No.
“Q. Did Sarah J. Lucas give express direction to any person to write her signature upon the paper purporting to be her last will and testament. A. No.”
Counsel for the defendants in error argue that the evidence is to the effect that she did not write or *258 sign her own name, but signed her mark, and that such signing is recognized in law, and that inasmuch as the court nowhere instructed the jury as to the legal effect of signing by mark the answer to the interrogatories did not fully cover the subject, as the jury might properly interpret the question as referring to her physically writing her own signature.
Without considering the latter interrogatory and its answer, and assuming that the evidence all pointed to the conclusion that she did not sign her own name, but signed by mark, there would then be merit in the argument. The jury might well find that the testatrix did not write her own name, and without a comprehensive instruction answer in the negative the question “Did she sign the paper writing?”
The other interrogatory and answer, though following the first, inquired of the jury whether or not the testatrix gave express direction to any person to write her signature upon the paper writing.
The signature to a will by mark in law would not be effective unless the testator gave such express direction to some person to write the signature. This is provided for by statute in Section 10505, General Code, which reads:
“Except nuncupative wills, every last will and testament must be in writing, but may be handwritten or typewritten. Such will must be signed at the end by the party making it, or by some other person in his presence and by his express direction, and be attested and subscribed in the presence of such party, by two or more competent witnesses, who saw the testator subscribe, or heard him acknowledge it.”
*259 We have examined the bill of exceptions. The testimony fairly discloses that the paper writing was presented to the testatrix, who was fatally ill and died a few hours later, for signature, and that she was unable to sign. Her un successful attempt is discernible by an examination of the will itself. In addition, there appears the name “Sallie Lucas,” then some distance above appears the cross-mark with the words, “her mark” written alongside.
One of the defendants testified that the testatrix wrote the name “Sallie Lucas,” she, the witness, supporting and steadying her hand while so doing, and that the witness then wrote the words “her mark.” Witness does not remember the cross being made at that time by anybody. Mrs. Coles, the attendant or nurse, and one of the witnesses to the paper writing, testified that the testatrix was not able to sign her name by reason of her fatal condition, being unconscious or semi-unconscious, or in a stupor, and that the witness herself wrote the name “Sallie Lucas,” made the cross with the hand of the testatrix on the pen, and wrote the words “her mark.”
As a reason for so doing, this witness stated that the lawyer had sent word that procedure might be had if the testatrix was unable to write her name. The same witness further testified that the testatrix did not by word, sign, or motion, direct the signing of the name.
There is much other testimony in the record upon the subject of the execution of the will, and many sharp conflicts therein. The above is given to illustrate the character of the testimony, and particu *260 larly its .conflicting effect in respect to. the execution of the will.
The jury resolved this conflict in favor of the contestant, when it determined in answer to the two interrogatories, in harmony with the general verdict, that the testatrix did not write her own name or give express direction for anyone else to write it.
With neither of these essentials existing, the will was not signed as provided by law. . The interrogatories were obviously drawn with the statute above quoted in mind, and fully covered the requirements of that statute.
The will not having been signed as provided by law, as shown by the special finding of the jury, which was not inconsistent with the general verdict, the question whether or not Sarah J. Lucas acknowledged the paper writing in the presence of Mrs. Neuby, one of the witnesses, as sought to be developed by request No. 3, becomes unimportant, and therefore not prejudicial error.
The other ground of error found to be prejudicial by the court of appeals, where it found that the trial court failed to charge, either before argument or in the general charge, that the jury in order to return a verdict setting aside the will must be able to find that the evidence of the contestant outweighs both the evidence adduced by the contestees and the presumption arising from the order of the probate court admitting the will to probate, was based upon the decision of this court in the case of Hall, etc., v. Hall, 78 Ohio St., 415.
The Hall case was disposed of by journal entry, and reversed the lower court for the reason that the charge was misleading and erroneous for several *261 reasons, one of .which was that it “nowhere distinctly states nor sufficiently emphasizes that the order of probate .of the will, by- the probate court, raises a presumption that the will so probated is the valid last will and testament of Mercy A. Hall; that the court did not clearly explain to the jury the legal effect of the provision of the statute, ‘That the order of probate shall be prima facie evidence of the due attestation, execution and validity of the will or codicil;’ that the jury was not instructed, as it should have been instructed, that before they would be entitled to return a verdict setting aside the will, they must be able to find that the evidence adduced by the contestant, Charles F. G-. Hall, outweighs both the evidence adduced by the defendant, Anne S. Hall, and the presumption arising from the order of the probate court admitting the will to probate as the valid last will and testament.”
The above announcement of the law is sound, and is now and has been for many years recognized to be the rule touching the quantum of proof in will-contest cases. Just how far the court in the Hall case found the charge of the court in that particular respect to fail to comply with the rule, we are unable to state; or whether or not that court would have reversed for that one reason. The court apparently believed that the Hall charge was open to grave criticism, not only for this, but for other reasons, and it assigned this reason among others, and from the whole arrived at the conclusion that the charge was unsound, and thereupon reversed the case.
Having in mind the rule,therein announced upon this subject, and approving it as the proper and *262 sound rule in that respect, let us examine into the charge in the instant case.
Before argument, the trial court instructed the jury upon this subject as .follows:
“The court says to you as a matter of law that inasmuch as the evidence shows that a hearing was had before John W. Davis, Probate Judge in and for Mahoning county, Ohio, and that the said will of Sarah J. Lucas was thereafter admitted by the said judge for probate, the law thereby creates the presumption that the said will in all respects is valid.
“The presumption of law being that the will of Sarah J. Lucas is valid because admitted for probate by Judge Davis, throws the burden of proof upon the contestant, Bay West, to prove its invalidity by preponderating weight of the evidence.
“As a matter of law the order of probate introduced in this case, is prima facie evidence of the due attestation, execution and validity of the will introduced in this case.
“The words ‘prima facie evidence’ as here used means such evidence as, in the judgment of the law, is sufficient to establish the fact, and, if not rebutted, remains sufficient for the purpose.
“In determining the facts in this case, a preponderance of the evidence is all that is required, and if the evidence preponderates at all, it is sufficient, as you are not fettered by grades of preponderance, or the degrees in the weight of evidence. And in determining the facts, you, as a jury, simply deal with the probabilities.”
As an abstract statement of the law in this regard, in conformity to the prevailing rule, and the rule an *263 nouneed in the Mall case, supra, very little if any criticism can thus far be made.
Coming on to the general charge, the trial court said:
“It is the claim * * * first: That the will was not executed and attested in conformity with the requirements of law. Second: That the testatrix or the decedent Mrs. Lucas was not of sufficient mental capacity * * * and third: That there was some undue influence or restraint upon her.”
These three claims or grounds of contest are treated separately, and in the instruction upon the first we find the following:
“Where a will has been probated by the probate court as in this case, the fact is prima facie evidence of the due attestation, execution and validity of the will, and the duty therefore devolves upon the plaintiff in this case to prove to you by the preponderance of the weight of the evidence — that is to say, the greater weight of the evidence — that the alleged will is not the last will and testament of Sarah J. Lucas. That is, the burden of proving the probabilities by evidence is upon the shoulders of the contestant, Bay West, after the defendants have offered the will and record of its probate in evidence. If you find by the greater weight of the evidence that this instrument was not executed in conformity to the requirement which I have heretofore outlined to you, it would be your duty to return a verdict for the plaintiff and against the validity of the will.”
The court might well with propriety and greater clarity have said that the record of probate made a *264 prima facie case in favor of the validity of the will, and that the presumption thus raised, as well as all other evidence bearing upon its validity, or tending to sustain the will, must be overcome and outweighed by .the evidence against validity and tending to- vacate the will, under the usual preponderance rule.
While suggestions might be made for greater definiteness, clearer and more emphatic language, further and broader statement and amplification of the rule, we are unable to say that the court signally failed in effect to comply therewith, and so far as the general instructions in connection with the execution of the will are concerned we hold that the court sufficiently charged the settled rule of preponderance in will cases, especially when it is remembered what was said to the jury upon that subject before argument.
And now it must be noticed that the court did not restate this preponderance rule in connection with its general instructions in reference to either testamentary capacity or undue influence. For the purpose of fortifying it against criticism and attack, this obviously should have been done; but who can say that this was prejudicial error in the instant case, and how can it be held to be, when the special findings disclose unquestionably that the jury determined against the validity of the will because of want of execution thereof, in that it was not signed by the testatrix or anyone by her express direction?
Assuming, therefore, that there was error in the failure of the court to restate the preponderance rule in connection with the instructions upon testamentary capacity and undue influence, we are not persuaded that it would be prejudicial error, when it *265 clearly appears that the jury did definitely find facts which would fully justify the general verdict setting aside the will without reaching or considering the questions of testamentary capacity and undue influence. And while the charge is open to objections and not free from criticism, and by no means a perfect charge, we are inclined to the view that error has not intervened prejudicial to the substantial rights of the contestees.
The judgment of the court of appeals is therefore reversed, and that of the court of common pleas affirmed.

Judgment reversed.

Marshall, C. J., Matthias and Clark, JJ., concur.
Wanamaker, Robinson and Jones, JJ., concur in the judgment.